UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JODI SMITH,

Plaintiff,

v.

RYAN COATES, et al.

Defendants.

No.  2:26-cv-1236-TLN-CKD (PS)

ORDER

Plaintiff Jodi Smith proceeds without counsel with a civil rights suit under 42 U.S.C. § 1983 and seeks to proceed in forma pauperis. This case is referred to the undersigned by Local Rule 302(c)(21) and 28 U.S.C. § 636. Plaintiff's declaration in support of the request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915 and is granted. However, the complaint fails to state a claim and must be dismissed. Plaintiff is granted leave to file an amended complaint within 30 days of the date of this order.

I.    **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The notice pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Factual allegations are accepted as true, but legal conclusions are not. Iqbal, 556 U.S. at 678. To survive screening, a claim must have facial plausibility which requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Id.

## II.     Plaintiff's Allegations

Plaintiff alleges her Fourth and Fourteenth Amendment rights were violated by the seizure of her companion dog (Gemma), taken for 10 days quarantine because of getting into a first dog fight and missing rabies vaccinations. (ECF No. 1 at 3-4, 8-9-10.) On March 13, 2026, plaintiff was given a "NOTICE OF ANIMAL SEIZURE PURUSANT TO 6.28.020 WMC" stating Gemma was found to be vicious with a tentative date for Gemma to be euthanized. (Id. at 4.) Plaintiff was told she had ten days to appeal by filing a notice of appeal with the City Clerk. (Id. at 9.) Plaintiff did not receive a hearing date and states her rights were ignored. (Id. at 4, 7.)

Defendants are the City of Weed, Weed Police Department, and an individual defendant alleged to be an animal control officer for the City of Weed. (ECF No. 1 at 2.) Plaintiff seeks damages and injunctive relief. (Id. at 5.)

## III.    Discussion

To state a claim for a violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983").

2

### A.  Unreasonable Seizure

California courts and federal district courts in California have recognized Fourth Amendment rights in relation to the impoundment of a dog by an animal control officer. See, e.g., Kim v. City of Belmont, No. 17-CV-02563-JST, 2018 WL 4050745, at *6 (N.D. Cal. Aug. 23, 2018) (collecting cases); see also Strauss v. Cnty. of Los Angeles, No. 19-CV-05277-GW (AFM), 2020 WL 8026143, at *9 (C.D. Cal. Oct. 7, 2020), report and recommendation adopted, No. 2:19-CV-05277-GW-AFM, 2021 WL 2808824 (C.D. Cal. July 2, 2021) ("Plaintiff has a property interest in her domestic animals."). Subject to a few specifically established and well delineated exceptions, a seizure conducted without a warrant is per se unreasonable under the Fourth Amendment. United States v. Hawkins, 249 F.3d 867, 872 (9th Cir. 2001) (internal quotation marks and citations omitted).

Assuming plaintiff had a property interest in Gemma, the complaint's allegations fail to state a claim. The emergency exception to the warrant requirement applies to animal workers who seize an animal in a true emergency setting. Recchia v. City of Los Angeles Dep't of Animal Servs., 889 F.3d 553, 559 (9th Cir. 2018). "Officers concerned with human or animal safety should not have to pause to obtain a warrant if they are reasonably concerned that a significant spread of illness might be caused by an infected animal." Id. California law specifically authorizes the impoundment of an animal for various reasons, including based on a reasonable belief that prompt action is required to protect the health or safety of the animal or the health or safety of others. See Cal. Penal Code § 597.1. Plaintiff's allegations that Gemma was seized because of getting into a dog fight and missing rabies vaccinations are insufficient to state a claim for an unreasonable seizure under the Fourth Amendment.

### B.  Procedural Due Process

To state a Fourteenth Amendment procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). Assuming plaintiff was

deprived of a property interest, the court considers whether the complaint adequately alleges a lack of constitutionally sufficient procedural process.

Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Due process generally requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Brock v. Roadway Express, Inc., 481 U.S. 252, 261 (1987). In the context of seizure of domestic animals, a post-deprivation right to challenge the seizure ordinarily meets the requirements of due process. See Fabricius v. Tulare Cnty., No. 115CV01779LJOEPG, 2018 WL 1367450, at *11 (E.D. Cal. Mar. 16, 2018), report and recommendation adopted, No. 115CV01779LJOEPG, 2018 WL 2155648 (E.D. Cal. May 10, 2018).

Plaintiff alleges she was told she had 10 days to appeal and did not receive a hearing. Plaintiff alleges vaguely that her rights were ignored and attaches to the complaint a document stating "APPEAL OF ANIMAL CONTROL DECISION" at the top. (ECF No. 1 at 10.) However, the complaint does not include a factual allegation that plaintiff timely filed a notice of appeal with the City Clerk. The complaint's allegations fail to state a procedural due process claim under the Fourteenth Amendment.

## IV.    Order

The complaint fails to state a claim and must be dismissed. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave to amend. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant must be given leave to amend and some notice of its deficiencies unless it is absolutely clear the deficiencies could not be cured by amendment). If plaintiff files an amended complaint, it should be titled "First Amended Complaint" and must be complete by itself without reference to any prior pleading. See Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff's complaint is dismissed with leave to amend.

////

////

4

3. Plaintiff is granted leave to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice within 30 days from the date of service of this order.

4. Failure to file an amended complaint within the time granted or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated:  June 10, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 smit26cv1236.scrn

5